UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3024-M

**Dayshawn Beckham**,

    Plaintiff,

v.

**Captain Frank**, *et al.*,

    Defendants.

**Answer**

Defendants Frink, Brade, and Gillis respond to Plaintiff's Corrected Complaint, Doc. 11, in turn. Any allegations made in Plaintiff's Complaint or attachments, except as specifically admitted below, are denied.

## I. Complaint

Answering Section I of Plaintiff's Complaint entitled "Complaint," Defendants admit that Plaintiff purports to state a claim under 42 U.S.C. § 1983. However, Defendants deny that this Complaint alleges facts sufficient to support a claim for relief under 42 U.S.C. § 1983.

## II. Plaintiff Information

Answering Section II, "Plaintiff Information," Defendants admit that, at the time of the filing of the Complaint, Plaintiff was incarcerated at Granville Correctional Institution, located in Butner, North Carolina.

## III. Prisoner Status

Answering Section III, "Prisoner Status," Defendants admit that Plaintiff was a pretrial detainee at the time of filing his Complaint, but he is currently a convicted and sentenced state prisoner.

1

## IV. Defendant(s) Information

Answering Section IV, "Defendant(s) Information," Defendants admit that they worked as correctional staff at Granville Correctional Institution in Butner, North Carolina.

## V. Statement of Claim

Answering Section V, "Statement of Claim," Defendants respond to Plaintiff's unnumbered paragraphs as follows: Defendants admit that Plaintiff was on self-injurious behavior (SIB) on June 5, 2024, housed in a restrictive housing cell, improperly held the food passage door open after receiving a meal, refused to allow the food passage door to be shut after multiple orders to do so, received a bust of pepper spray to gain compliance, continued to refuse to allow the door to be shut, received a second burst of pepper spray to gain compliance, again refused to allow the door to be shut, received two overhand baton strikes to the left arm, and eventually allowed the door to be shut. Defendants further admit that, shortly after midnight on June 6, 2024, correctional staff performed a cell extraction of Plaintiff after he refused to comply with orders to surrender certain clothing items and that Plaintiff was observed to have a small laceration above his fourth finger on his left hand during a medical screening performed after the cell extraction. Defendants specifically deny that this laceration was the result of baton strikes from the June 5 incident, that Defendant Frink prohibited Plaintiff from receiving medical treatment, or that Defendants violated Plaintiff's rights.

## VI. Administrative Procedures

Answering Section VI, "Administrative Procedures," Defendants deny that Plaintiff has properly complied with the applicable administrative remedies procedure.

## VII. Relief

Answering Section VII, "Relief," denied, including to the extent that injunctive relief or compensatory, declaratory, or punitive damages can be construed to be sought against Defendants. It is further denied that Plaintiff has asserted any facts sufficient to state a claim against Defendants.

## VIII. Prisoner's Litigation History

Answering Section VIII, "Prisoner's Litigation History," Defendants deny that Plaintiff has not filed other pending lawsuits and note that a federal court has dismissed several cases in which Plaintiff has proceeded in forma pauperis, such as (1) *Beckham v. ADAs*, 3:24-cv-598 (WDNC) (dismissed on frivolity review), (2) *Beckham v. N.C.*, 3:24-cv-300 (WDNC) (dismissed on frivolity review), and (3) *Beckham v. Petterson*, 3:22-cv-409 (WDNC) (dismissed after being warned that "future improper and/or frivolous filings with this Court will result in dismissal of this action" (Doc. 42 at 3)).

## IX. Certification and Warning

Answering Section IX, "Certification and Warning," Defendants admit that Plaintiff purports to bring a lawful action against Defendants.

## DEFENSES

Defendants additionally plead the following defenses:

### 1st Defense
*Qualified Immunity*

Qualified immunity shields Defendants in their individual capacity from Plaintiff's claims against them for monetary damages, if any, as Defendants did not violate any clearly established constitutional rights of which a reasonable person would have known.

3

### 2nd Defense
*Sovereign Immunity*

To the extent Plaintiff asserts claims against Defendants in their official capacity, those claims are barred by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity, as the State has not waived its immunity and Congress has not abrogated it for the claims asserted.

### 3rd Defense
*Proximate Cause*

No act or failure to act by Defendants was a proximate cause of the injuries or damages, if any, complained of by Plaintiff.

### 4th Defense
*Punitive Damages*

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent, by Defendants required to support a claim for punitive damages.

### 5th Defense
*No Violation of Rights*

Defendants deny that they violated or deprived Plaintiff of any right under the Constitution of the United States or other federal law.

### 6th Defense
*Failure to State a Claim*

Plaintiff fails to state a claim upon which relief can be granted against Defendants, and, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants plead this failure in bar of Plaintiff's claims.

### 7th Defense
*Failure to Mitigate*

To the extent that any injuries or damages did arise out of the facts alleged by Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and Plaintiff thus failed to mitigate his own damages. Defendants plead such failure as a bar to damages or requiring a reduction of Plaintiff's alleged damages.

### 8th Defense
*Failure to Exhaust Administrative Remedies*

To the extent required by the Prison Litigation Reform Act or other statutes, Plaintiff failed to exhaust available administrative remedies prior to filing suit.

### 9th Defense
*Three Strikes Violation*

Plaintiff has violated the three-strikes provision of 28 U.S.C. § 1915(g) by filing this suit in forma pauperis after three of his previous cases, initiated while incarcerated, were dismissed as frivolous or malicious, and this case should be dismissed or otherwise stayed until Plaintiff pays the requisite filing fee.

## PRAYER

Defendants pray the Court as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Defendants in this action;
3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;
4. For a trial by jury of all triable issues; and
5. For any further relief as the Court deems just and proper.

This 26th day of December 2025.

                                                   JEFF JACKSON
                                                   Attorney General

                                                 */s/ Tanner J. Ray*
                                                 Tanner J. Ray (N.C. Bar No. 59422)
                                                 Assistant Attorney General
                                                 N.C. Department of Justice
                                                 Public Safety Section
                                                 P.O. Box 629
                                                 Raleigh, NC 27602
                                                 Phone: 919-716-6540
                                                 Fax: 919-716-6761
                                                 tjray@ncdoj.gov

CERTIFICATE OF SERVICE

I certify that, on this day, I electronically filed this Answer with the Clerk of the Court utilizing the CM/ECF system and will cause the same to be served upon Plaintiff, a non-CM/ECF participant, via regular United States Mail addressed as follows:

Dayshawn Beckham
OPUS No. 1394471
Central Prison
1300 Western Blvd.
Raleigh, NC 27606
*Pro se plaintiff*

This 26th day of December 2025.

/s/ *Tanner J. Ray*
Tanner J. Ray
Assistant Attorney General